Issa **NAKHLEH**, Plaintiff,

v.

**CHEMICAL CONSTRUCTION CORPO-RATION et al., Defendants.**

No. 71 Civ. 3618 (KTD).

United States District Court,
S. D. New York.

April 12, 1973.

As Amended June 11, 1973.

358

Gene Crescenzi, New York City, for plaintiff.

Reid & Priest, New York City, for defendants, by R. M. McDermid, and C. F. Schirmeister, New York City, of counsel.

DUFFY, District Judge.

Plaintiff Issa Nakhleh, a Syrian lawyer and business broker, brought this suit against Chemical Construction Corporation, David Fulton and Boise Cascade Corporation (hereinafter "defendants")[1] for breach of an alleged oral contract whereby plaintiff, for a fee, was to help Chemical Construction Corporation ("Chemico") obtain a contract to build a large fertilizer plant in Saudi Arabia.

Defendants now move pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment. The role of the Court when determining a motion for summary judgment is rather circumscribed. It is a fundamental maxim that a court on a motion for summary judgment cannot decide issues of fact but can only determine whether they exist. American Manufactures Mutual Insurance Co. v. American Broadcasting-Paramount Theatres, Inc., 388 F.2d 272 (2nd Cir. 1967), cert. den. 404 U.S. 1063, 92 S.Ct. 737, 30 L.Ed.2d 752 (1972). If the Court finds questions of material fact, then summary judgment must be denied. The standard to be used in testing whether there is a material fact at issue is a demanding one. In Doehler Metal Furniture Co., Inc. v. U. S., 149 F.2d 130 (2nd Cir. 1945), Judge Frank admonished trial courts to avoid too easily granting summary judgment in the following words:

"We take this occasion to suggest that trial judges should exercise great care in granting motions for summary judgment. A litigant has a right to a trial where there is the *slightest* doubt as to the facts." 149 F.2d at 135 [emphasis added].

However, it is true that courts and defendants should not be subjected to trials that are nothing more than harassment. Thus, the Second Circuit has required that the party opposing the motion present specific facts showing that there is a genuine issue for trial. Applegate v. Top Associates, Inc., 425 F.2d 92 (2nd Cir. 1970). In support of their motion defendants argue that there are no genuine issues of fact. They contend that even assuming the existence of the oral contract, that plaintiff would be unable to recover because of the prohibition against the enforcement of oral finders' contracts contained in the New York

---

1. Charles C. Bonin, William J. Gundeck, C. A. Read and John Thibodeau, though named defendants to this action, do not appear to have been served with summons and complaint and therefore are not considered by this Court to be present parties.

General Obligations Law, McKinney's Consol.Laws, c. 24–A, § 5–701, subd. 10.

■ This court finds it unnecessary to decide whether this alleged oral contract would come within § 5–701, subd. 10. Rather, I find that there are material questions of fact which must be decided since their resolution will affect whether New York law or Saudi Arabian law is to be used in testing the validity of the contract between plaintiff and defendant Chemico.

■ This case comes to this Court by way of diversity jurisdiction, 28 U.S.C. § 1332. The Supreme Court in Erie R. R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and Klaxon Co. v. Stentor Electric Mfg. Co., Inc., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), has made it clear that in a diversity case the question of choice of law is to be decided by following the principles and rules of the forum state. Thus, the question becomes what law would the New York choice of law rules direct the Court to apply to the question of this oral contract's enforceability.

The New York courts have been in the forefront of the development of new approaches to choice of law questions, and have left to the past the formalism of *lex loci delictus* and *lex loci contractus*. In Auten v. Auten, 308 N.Y. 155, 124 N.E. 2d 99 (1954), the New York courts for the first time followed a "center of gravity" or "interest analysis" approach in determining what law applied to a question regarding contract rights.

Faced merely with an oral finder's contract, which did not allegedly indicate an intention of the parties that the contract be governed by the law of a specific jurisdiction, this Court would apply the New York General Obligations Law § 701, subd. 10, based on the substantial contacts this contract had with New York and guided by the decision of the New York Court of Appeals in Intercontinental Planning, Ltd. v. Daystrom, Inc., 24 N.Y.2d 372, 300 N.Y.S.2d 817, 248 N.E.2d 576 (1969). However, plaintiff argues that the oral contract by its terms

included an agreement among the parties that the contract was to be governed by Saudi Arabian law. In support of this argument, plaintiff in his affidavit calls attention to an alleged conversation between plaintiff Nakhleh and defendant Fulton wherein Fulton assented to be bound by Saudi Arabian custom in regards to the question of fees. Whether this issue of fact (namely whether they did agree to be governed by Saudi Arabian law) rises to the level of materiality sufficient to preclude summary judgment depends upon whether New York's choice of law rules would allow the parties to choose the law by which to test the validity of their oral contract. If New York choice of law rules would preclude the recognition of this intention to apply Saudi Arabian law, then the existence or non-existence of such an intention becomes an irrelevant issue of fact.

■ New York has recognized the choice of law principle that the parties to a contract have a right to choose the law to be applied to their contract. See Compania de Inversions Internacionales v. Industrial Mortgage Bank of Finland, 269 N.Y. 22, 198 N.E. 617 (1935) and Dougherty v. Equitable Life Assurance Society of the United States, 266 N.Y. 71, 193 N.E. 897 (1934). However, the freedom of choice on the part of the parties is not absolute. In the past, some courts have distinguished between issues of contract interpretation and issues involving the validity of a contract. The former were governed by the parties' intentions but the latter were not. See Siegelman v. Cunard White Star, Ltd., 221 F.2d 189 (2nd Cir. 1955) (applying federal choice of law rules). There is a paucity of New York law as to whether New York recognizes this limitation on the power of the parties to choose the law to be applied to their contract.

In A. S. Rampell, Inc. v. Hyster Company, 3 N.Y.2d 369, 165 N.Y.S.2d 475, 144 N.E.2d 371 (1957), the New York Court of Appeals held that an oral modification of a written contract was not made unenforceable by New York law, because under New York law the issue

of validity was governed by the law chosen by the parties in the written contract which law allowed for the making of oral modifications. Thus, it seems clear that New York does not have a blanket prohibition against parties choosing the law by which to determine the validity of a contract.

In view of· the dearth of recent New York cases dealing with the recognition of the parties' choice of law intention, this Court must seek to divine what the New York courts would do based on an analysis of general choice of law principles. Section 187 of the Restatement, Second, of Conflicts of Law states succinctly the approach, I believe, New York would follow. In relevant part, that section states:

"(2) The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue (i. e., questions of validity, formalities and capacity) unless either

(a) the chosen state has no substantial relationship to the parties . . . or

(b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state . . ."

■ There can be no question that Saudi Arabia has an interest in this action. The performance of this alleged contract was to take place primarily in Saudi Arabia, and thus it has a substantial interest, though probably not the dominant one, in seeing that individuals receive payment for such activity. However, as has been stated above, were it not for the allegation that the parties agreed that contract should be governed by Saudi Arabian law, this Court would be constrained to apply New York law in view of the undisputed contacts with New York. Therefore, it is evident that New York has an interest at least equal to that of Saudi Arabia.

■ The issue thus becomes whether the Statute of Frauds represents such a fundamental New York policy that its courts would not honor the intentions of the parties regarding the law they intended to apply. Intercontinental Planning, Ltd. v. Daystrom, Inc., 24 N.Y.2d 372, 300 N.Y.S.2d 817, 248 N.E.2d 576 (1969), represents a finding by the New York Court of Appeals that New York has a strong interest in seeing that finders' contracts made in New York and partially performed there, are governed by the New York General Obligation Law. The Court of Appeals indicated that the purpose of the General Obligation Law § 5–701(10) was to avoid the possibility of frequent perjury and "erroneous verdicts" caused by employees seeking to recover from their employers for non-performed or fictitious finders' services. Much as this is an important interest, I do not find that this interest would be characterized as so fundamental that a New York court would not apply the parties' choice of law to the question of the validity of an oral finders' contract.

The Restatement (Second) of Conflicts of Laws, § 187, Comment G, suggests the following as regards the meaning of "fundamental":

"To be 'fundamental', a policy must in any event be a substantial one. Except perhaps in the case of contracts relating to wills, a policy of this sort will rarely be found in a requirement, such as the statute of frauds that relates to formalities."

Since I conclude that New York would apply a choice of law rule giving effect to the parties' intention regarding the law to apply to the contract, the question of fact as to whether they did make an oral contract and, if so, whether it included an intention to apply Saudi Arabian law, becomes material and must foreclose the granting of defendant's motion for summary judgment.

Motion denied.

So ordered.