■ MALVINA ROBERTS, Appellant, v CHAMPION INTERNATIONAL INC. et al., Respondents.—Judgment, Supreme Court, New York County, entered on February 6, 1974, granting summary judgment to defendants dismissing the complaint, unanimously affirmed, without costs and without disbursements, with leave to replead not inconsistent herewith. Plaintiff alleges that she served as a "finder" in bringing the defendants together for the purpose of exploring the possibility of a mutually beneficial transaction. On January 21, 1970, defendant Champion International Inc. wrote to plaintiff referring to continuing conversations between it and defendant The Anaconda Company, and stated: "If, however, as a direct result of your efforts, a substantial joint venture between U.S. Plywood-Champion Papers Inc. and The Anaconda Company is consummated before the end of 1970, a fee of $50,000 will be paid to your company." Thereafter, in May, 1972, without the time period specified, Champion purchased the assets of Anaconda's Forest Products Division for approximately $117,000,000. This transaction was concluded without the further aid or knowledge of plaintiff. The complaint alleges three causes of action, but none is founded upon the above-quoted writing; on the contrary, plaintiff seems to abandon it for it is alleged that Champion acknowledged orally that said letter was in error and that all the restrictive conditions there set forth would be inapplicable, etc. In essence, the complaint seeks recovery of $1,270,000 as a finders fee based on Champion's oral promise to pay on *quantum meruit.* Anaconda is charged with wrongful interference with and impairment of plaintiff's contractual rights. We affirm the dismissal of the complaint, but only for the reason that the transaction pleaded is governed by subdivision 10 of section 5-701 of the General Obligations Law. Pursuant thereto, the agreement alleged in the complaint is void unless it, or some note or memorandum thereof, be in writing. Further, the statute is applicable "to a contract implied in fact or in law to pay reasonable compensation". The sole writing herein does not support any recovery in excess of $50,000. And whether or not the plaintiff may have a viable cause based on the aforesaid letter of January 21, 1970, is not before us. Plaintiff cannot rest upon a writing which sets forth terms and conditions different from that which she alleges in her complaint. *(Poel v Brunswick-Balke-Collender Co. of N. Y.,* 216 NY 310.) Nor, as above noted, may plaintiff circumvent the statutory requirement of a writing by pleading a cause sounding in *quantum meruit.* (General Obligations Law, § 5-701, subd 10; *Minichiello v Royal Business Funds Corp.,* 18 NY2d 521, cert den 389 US 820.) Nor will plaintiff's attempt to plead a cause sounding in tort or in another form save the complaint for, "Whatever the form of the action at law may be, if the proof of a promise or contract, void by the statute [of frauds], is essential to maintain it, there can be no recovery." *(Dung v Parker,* 52 NY 494, 497; see, also, *Subirana v Munds,* 257 App Div 956, affd 282 NY 726, and *Intercontinental Planning v Daystrom, Inc.,* 30 AD2d 519, affd 24 NY2d 372.) Concur—Kupferman, J. P., Murphy, Lupiano, Lane and Nunez, JJ.