NATIONAL BANK OF BLOOMINGTON *et al.*, Plaintiffs, *v.* WEST CONSTRUCTION COMPANY *et al.*, Defendants.—(McLEAN COUNTY SUPERINTENDENT OF HIGHWAYS *et al.*, Third-Party Plaintiffs-Appellees, *v.* WEST CONSTRUCTION COMPANY, Third-Party Defendant-Appellant.)

Fourth District   No. 13212

Opinion filed September 2, 1976.

Heyl, Royster, Voelker & Allen, of Peoria (Lyle W. Allen, of counsel), for appellant.

Costigan, Wollrab, Fraker, Wochner & Neirynck, of Bloomington (William F. Costigan, of counsel), for appellees.

Mr. JUSTICE CRAVEN delivered the opinion of the court:
This appeal has been submitted upon a stipulated statement of facts

from which we discerned the following: on September 2, 1968, or in the early morning of September 3, 1968, Samual Henry Price, Jr. (plaintiff), incurred personal injuries, including the loss of an arm in an automobile accident while he was riding in an automobile driven by one Gale Wessels, on South Morris Avenue, south of its intersection with U.S. Route 66 in Bloomington Township, McLean County, Illinois. The accident occurred at a culvert or bridge located approximately 2½ miles south of the intersection of the two roads described above. In June of 1968, the County of McLean and the McLean County superintendent of highways (appellees, hereafter County) had entered into a contract with West Construction Company, appellant, hereafter West) for the construction of a culvert and bridge pursuant to the provisions of the Illinois Highway Code. The work of West began August 13, 1968, and consisted of the removal of the deck of the then-existing bridge structure and the construction of a 12-foot by 30-foot reinforced concrete box culvert within the confines of the existing bridge abutments. There is a dispute as to when the work of West was completed. West's president stated that the work on the culvert was completed on August 30, 1968. The McLean County superintendent of highways and engineers testified that the work was not completed until September 28 or October 1, 1968.

The County maintained supervision over the work in the capacity of engineers and for the purpose of assuring the County that the work was performed in the manner prescribed by the governing specifications. After the completion of the work, the McLean County Highway Department was then to have moved into the job site to fill in a roadbed over the box culvert and to construct a road surface upon the fill. All parties to the agreement understood that the road was to be closed during the period of construction. The "Standard Specifications for Road and Bridge Construction" (specifications) prepared by the Department of Public Works and Buildings of the State of Illinois and adopted by that Department January 2, 1958, with supplemental specifications effective January 3, 1966, was to govern the construction of the culvert.

Suit was filed in the circuit court of McLean County by or in behalf of plaintiffs against West and the County. The complaint claimed damages for personal injuries, charging that each defendant was negligent in that each defendant:

"(a) Failed to provide adequate warning that said culvert and bridge were under construction and that no bridge existed.

(b) Failed to provide adequate warning that said highway was closed to through traffic.

(c) Failed to place sufficient and visible barricades around the point of construction."

A jury trial was held in the circuit court of McLean County and judgment

was entered upon the verdict in favor of plaintiff Samuel Henry Price, Jr., through his guardian, and against defendants for the sum of $60,000.

Subsequent to the filing of the action by plaintiff Price, the County filed an action over against West, claiming the right to indemnification pursuant to the provisions of the above-mentioned standard specifications for any amounts which it paid to or in behalf of plaintiff. That action was severed for trial purposes. The judgment in favor of plaintiff was satisfied with $30,000 paid by or in behalf of West, and $30,000 paid by or in behalf of the County. Thereafter, a hearing was held on the motions for summary judgment filed by each of the parties to the third-party action or counterclaim, and the circuit court entered judgment in favor of the County in the amount of $30,000, representing the payment which the County had made to satisfy the judgment in the initial action.

West argues that the pleadings of the original plaintiff and the instructions submitted to the jury by both plaintiff and the County indicate that the jury verdict in favor of plaintiff was a finding of active negligence against the County, and that the County is bound by the doctrine of collateral estoppel from now arguing that its negligence constituted, at most, passive negligence. West also argues that the language of the indemnity clause does not include indemnification for the negligence of the County. The County argues that an examination of the evidence, rather than the pleadings, demonstrates that the County is entitled to indemnification on the theory of active-passive negligence. We agree with the County and affirm.

■■ As a general rule in Illinois, no contribution is permitted among tortfeasors. In cases in which the negligence of a tortfeasor is active, indemnification is not permitted regardless of whether the negligence of the third-party defendant is classified as active or passive. (*Burke v. Sky Climber, Inc.* (1973), 13 Ill. App. 3d 498, 503, 301 N.E.2d 41, 45, *aff'd* (1974), 57 Ill. 2d 542, 316 N.E.2d 516.) Where, however one tortfeasor does the act which produces the injury and the other does not join in the act but is thereby exposed to liability and suffers damage, the latter may recover against the principal delinquent. Under such circumstances, the law will inquire into the real delinquency and place the ultimate liability upon him whose fault was the primary cause of the injury. *John Griffiths & Son Co. v. National Fireproofing Co.* (1923), 310 Ill. 331, 339, 141 N.E. 739.

■■ Whether a party is guilty of active negligence is resolved by a review of the evidence before the court. (See, *e.g., Bella Kay Building Corp. v. City of Chicago* (1965), 58 Ill. App. 2d 230, 208 N.E.2d 60.) In the present case, the stipulation of facts states that the McLean County superintendent of highways "maintained supervision over the work in the capacity of engineers and for the purpose of assuring the County that the

work was performed in the quality and manner prescribed by the specifications." It is not contended that there is any factual issue to be resolved upon this appeal. Section 7.14 of the specifications states:

"7.14 BARRICADES AND WARNING SIGNS. When any section of road is closed to traffic, the Contractor shall provide, erect, and maintain barricades, red flags, and torches or lights at each end of the closed section and at all intersecting roads. He shall also erect and maintain at the same points the warning and other signs provided by the Department."

Here it was understood by all parties to the agreement that the road was to be closed during the period of construction. The record demonstrates that plaintiff's injury resulted from an activity within the sole control and responsibility of West. The County may have been present at the construction site in a supervisory capacity; nevertheless, West had the responsibility for active performance. Under such circumstances we conclude that the negligence on the part of the County was passive in character. *Bella Kay Building Corp.; Sack v. Arcole Midwest Corp.* (1961), 33 Ill. App. 2d 344, 179 N.E.2d 441.

■■ West's second contention is that the language of the indemnity clause governing the transaction does not provide for the indemnification of the County for the County's negligence. The County, while not admitting active negligence, argues that the injuries sustained by plaintiff come within the language of the indemnity clause. Section 7.21 of the specifications states:

"7.21 RESPONSIBILITY FOR DAMAGE CLAIMS. The Contractor shall indemnify and save harmless the Department, its officers and employees, from all suits, actions, or claims of any character brought because of any injuries or damages received or sustained by any person, persons, or property on account of the operations of the said Contractor; or on account of, or in consequence of, any neglect in safeguarding the work; or because of any act or omission, neglect, or misconduct of said Contractor."

An indemnity contract or contract provision is construed like any other contract. (*Gay v. S. N. Nielsen Co.* (1958), 18 Ill. App. 2d 368, 374-75, 152 N.E.2d 468, 471-72.) It is a general rule governing the construction of contracts that unless a contract is ambiguous, its meaning must be determined from the words used; courts will not, simply because a more equitable result might be reached, construe into the contract provisions that are not there. In construing a contract which purports on its face to be a complete expression of the entire agreement, courts will not insert terms about which the agreement is silent. (*Westinghouse Electric Elevator Co. v. La Salle Monroe Building Corp.* (1946), 395 Ill. 429, 432, 70 N.E.2d 604, 606.) In addition, an indemnity contract will not be construed as

indemnifying one against his own negligence unless such a construction is required by clear and explicit language of the contract. *Westinghouse*, 395 Ill. 429, 433, 70 N.E.2d 604, 607.

Section 7.21 contains three operative phrases. While the first and third phrases expressly condition indemnification upon conduct of the contractor, the second phrase provides for indemnification for claims resulting from "* * * any neglect in safeguarding the work." To limit the second phrase to claims arising out of the neglect of the contractor alone would involve inserting additional language into the agreement. We find no ambiguity in the contract. The language of the indemnity clause includes indemnification for the negligence of the County.

We note that the parties entered into the contract under consideration prior to the enactment of Public Act 77-1629 (Ill. Rev. Stat. 1971, ch. 29, par. 61). This legislation, which is prospective from September 23, 1971, declares that a promise or agreement to indemnify or hold harmless another person from that person's own negligence is void as against public policy. Because such legislation is prospective only, it is of course inapplicable to this appeal.

Accordingly, the judgment of the circuit court of McLean County is affirmed.

Judgment affirmed.

TRAPP, P. J., and GREEN, J., concur.