■ BENJAMIN H. FREEDMAN, Respondent, v CHEMICAL CONSTRUCTION CORPORATION, Appellant, et al., Defendants.—Order, Supreme Court, New York County, entered July 30, 1976, denying defendant Chemical Construction Corporation's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, the motion granted, the complaint dismissed and the action severed as to defendant-appellant. Appellant shall recover of respondent $60 costs and disbursements of this appeal. Plaintiff with respect to his alleged services appears to have rendered same as a "finder"—he claims that he solicited defendant Chemical Construction Corporation's attention to the possibility of contracting with the Kingdom of Saudi Arabia, or an agency thereof, for the erection of a chemical plant in Saudi Arabia and that at said defendant's request he negotiated the construction of such plant for which he was to receive a 5% commission if and when the plant was constructed; he claims to have been instrumental in "qualifying" said defendant for the job, i.e., in having defendant removed from the Arab boycott and in forwarding defendant's proposal to a member

of the royal family of Saudi Arabia. It is conceded that the alleged agreement was oral. Plaintiff's associate, one Issa Nakhleh, brought an action in the Federal court upon the latter's oral contract with defendant wherein it was argued that said contract by its terms included an agreement that the contract was to be governed by Saudi Arabian law. This assertion was sufficient to impel the Federal court to refuse summary judgment to defendants, including Chemical Construction Corporation *(Nakhleh v Chemical Constr. Corp.,* 359 F Supp 357). It is axiomatic that a party who opposes summary judgment must reveal his proofs in order to show that there is a bona fide issue requiring a trial *(Di Sabato v Soffes,* 9 AD2d 297). On this record which contains, *inter alia,* the complaint, plaintiff's affidavit in opposition to said defendant's motion for summary judgment and plaintiff's testimony at an examination before trial, there is no claim that the oral agreement sued upon similarly provided for the applicability of Saudi Arabian law. Indeed, such testimony and the fact that the parties are residents of New York and that the contract was negotiated in New York, militate against the view that the parties agreed to apply Saudi Arabian law. Accordingly on this record it must be concluded that the oral agreement sued upon is barred by the Statute of Frauds (General Obligations Law, § 5-701, subd 10). Concur—Stevens, P. J., Murphy, Lupiano, Silverman and Lane, JJ.