Jasen, J.
(dissenting). Plaintiff’s second cause of action alleges that “[p]laintiff, in reliance on statements made [by] the defendant and at its request, performed work, provided labor and material to the defendant” and that “[defendant has failed to compensate the plaintiff for monies and other expenses incurred by the plaintiff in preparing the property at 49 East Avenue to the defendants’ needs”, causing damage to the defendant in the amount of $400,000.
The majority hold that this cause of action is not barred by the Statute of Frauds as it “merely seeks to recover for *507 the value of the work performed by plaintiff in reliance on statements by and at the request of defendant” and does not “attempt to enforce an oral lease or an oral agreement to enter [into] a lease.” Inasmuch as the record before us on this motion for summary judgment clearly demonstrates that this cause of action is barred by the Statute of Frauds, I must dissent.
Plaintiff alleges that “in reliance on statements made [by] the defendant”, he performed certain work and provided labor and material to the defendant. In his affidavit in support of this claim, he sets forth the substance of those statements — “Timing is critical and we would like to have you go ahead with the work. Don’t worry about the lease, it will be signed and the work should not wait for the actual signing of the lease” and “We need two floors for immediate occupancy on June 1. We will pay rent for the entire building as soon as we move in and then you can proceed with the other floors after the first two floors are ready.” Plaintiff’s own affidavits, therefore, conclusively establish that the work he performed was done in reliance on defendant’s oral agreement to enter into a lease and not in reliance on defendant’s promise, express or implied, to compensate plaintiff monetarily for the work performed separate and apart from entering into a leasehold. Nowhere, in any of the exhibits and affidavits offered by plaintiff in opposition to defendant’s motion for summary judgment does plaintiff even allege that defendant agreed to pay for plaintiff’s renovation work or that plaintiff expected any such compensation. Indeed, in summing up the contents of his own evidentiary support, plaintiff states that “[c]learly our performance of the obligation to renovate the Neisner Building is unequivocally referable to the oral agreement entered into on March 16, 1981 [whereby defendant allegedly agreed to lease the building for two years]”. It is abundantly clear, therefore, that plaintiff, in asserting a right to recover damages under his second cause of action, based solely upon defendant’s failure to honor its oral promise to enter into a two-year lease, is merely engaging in a blatant attempt to circumvent the proscriptions .of the Statute of Frauds. The only claim plaintiff has alleged and supported with evidentiary facts *508 is that he performed work in reliance on defendant’s alleged promise to enter into a two-year lease of the Neisner Building and suffered damages when defendant subsequently refused to rent the premises. However his claim is worded, it should be beyond dispute that plaintiff is seeking damages for defendant’s breach of an oral contract to enter into a two-year lease. Since this type of contract is barred by the Statute of Frauds, plaintiff should not be allowed to do indirectly what he cannot do directly.. (See Dung v Parker, 52 NY 494, 497; Roberts v Champion Int., 52 AD2d 773, mot for lv to app dsmd 40 NY2d 918.)
It is noteworthy that the amount of damages sought in plaintiff’s second cause of action is identical to that sought in his third cause of action, indicating that the same theory of recovery is asserted in both. Since as the majority concedes, the third cause of action alleges nothing more than a contract to enter into a lease and must, therefore, be dismissed, there is no reason why the second cause of action should not be treated similarly. Furthermore, the amount of damages sought, $400,000, happens to be the annual rental price allegedly agreed upon by the defendant, which further demonstrates that plaintiff is seeking relief solely on the theory that defendant wrongfully refused to lease the premises. It is also noteworthy that, prior to the issue being raised by the dissent at the Appellate Division, plaintiff did not argue in his brief or orally before that court that he expected monetary compensation from the defendant or that the defendant expressly or impliedly agreed to pay same. Indeed, it seems clear that the plaintiff himself never intended his complaint to be construed as the majority does today. From all of this, there should be little doubt that plaintiff’s second cause of action was intended to and does merely seek damages for defendant’s alleged breach of an oral contract to enter into a two-year lease and cannot, therefore, be maintained.
Assuming, arguendo, that the majority is correct in holding that plaintiff’s second cause of action alleges his entitlement to monetary compensation and that his affidavits support his allegations, the plaintiff, would, nevertheless, not be entitled to relief.
*509 The majority fails to specify the theory of recovery upon which it bases its conclusion that “plaintiff may recover for those efforts that were to his detriment and that thereby placed him in a worse position”. Insofar as this conclusion is based upon quasi contract, it is incorrect for the well-established rule in this State is that in order for a plaintiff to recover under such a cause of action, he must demonstrate 'that the defendant was unjustly enriched by his efforts. The rule has been clearly set forth by this court and consistently followed: “ ‘[a] quasi or constructive contract rests upon the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another. In truth it is not a contract or promise at all. It is an obligation which the law creates, in the absence of any agreement, when and because the acts of the parties or others have placed in the possession of one person money, or its equivalent, under such circumstances that in equity and good conscience he ought not to retain it, and which ex aequo et bono belongs to another.’ ” (Bradkin v Leverton, 26 NY2d 192, 197, quoting Miller v Schloss, 218 NY 400, 407.) (See, also, Shapira v United Med. Servs., 15 NY2d 200, 216; Pink v Title Guar. & Trust Co., 274 NY 167, 173; D’Angelo v Hastings Oldsmobile, 89 AD2d 785, 786, affd 59 NY2d 773; Matter of James v State of New York, 90 AD3d 342, 346-347; 50 NY Jur, Restitution and Implied Contracts, § 74, p 339; cf. Smith v Kirkpatrick, 305 NY 66, 72, 73.) Since, as the majority correctly points out, defendant did not benefit from plaintiff’s efforts, no recovery under quasi contract may be had. (See 5 Corbin, Contracts, § 1107, p 578.)
The “lesson” provided by Professors Calamari and Perillo, cited by the majority, is inapposite to the case before us because section 15-4 of their text deals exclusively with actions based on breach while plaintiff does not allege in his second cause of action that defendant breached any agreement. Additionally, I note that insofar as this statement would allow recovery by the plaintiff under a theory of restitution, even though the defendant has not been benefited by any of plaintiff’s efforts, such is not the law in New York. (See Bradkin v Leverton, 26 NY2d 192, 197, supra.) The majority itself concedes this point in stating, *510 “an injured party who has not conferred a benefit may not obtain restitution” (at p 504). Moreover, assuming arguendo the accuracy of the legal principle stated by Calamari and Perillo, this principle does not accord relief to the plaintiff in the instant appeal. As the two professors correctly note, “the defendant must have received the plaintiff’s performance; acts merely preparatory to performance will not justify an action for restitution.” First, defendant received nothing from the plaintiff, as the majority accurately points out. Second, plaintiff’s acts in renovating his building were “merely preparatory to performance” of the alleged oral contract whereby plaintiff and defendant agreed to enter into a two-year lease. Thus, even if section 15-4 were applicable, plaintiff would not be entitled to the relief which the majority is offering.
I also fail to see how sections 998 and 1011 of Corbin’s treatise and sections 349 and 370 of the Restatement of Contracts, Second, support the majority’s position. Corbin’s discussion of reliance damages in sections 998 and 1011 (like Calamari and Perillo’s) is concerned solely with a remedy available to a plaintiff injured by a defendant who has breached a contract. Since there was no such contract entered into by the parties here, and accordingly no breach thereof, those sections of Corbin’s text do not even address the issue involved here.
Similarly, the Restatement lends no support to the majority’s view. While it is true that section 370 would allow a party to maintain “an action for damages, including one for recovery based on * * * reliance”, a reading of the entire section, including its cite to section 349 as the sole authority for this proposition, makes clear that such an action is based strictly on a theory of promissory estoppel, a theory which, as is discussed more fully below, has never been asserted by the parties and which this court has heretofore declined to adopt.
The majority also mistakenly relies on a quote from section 349 of the Restatement of Contracts, Second — “[T]he injured party has a right to damages based on his reliance interest, including expenditures made in preparation for performance or in performance, less any loss that the party in breach can prove with reasonable certainty the *511 injured party would have suffered had the contract been performed” (emphasis supplied) (at p 504). This passage, by its very terms, deals solely with remedies available where a party has breached an existing contract. Plaintiff, however, does not allege in his second cause of action the existence of any contract. Nor does he allege that defendant committed any breach. In the majority’s view, plaintiff’s second cause of action is not based upon breach of contract, but, rather, “is in disaffirmance of the void contract”. (At p 503.) Thus, section 349 of the Restatement does not address the situation presented on this appeal and, accordingly, provides no support for the majority’s position.
It appears that the majority, in holding that plaintiff can recover the value of his efforts expended in reliance on defendant’s alleged statements, is recognizing a cause of action sounding in promissory estoppel. This is implicit in its reference to the Restatement of Contracts, Second, section 139 and section 349, Comment b, as support for its conclusion that “[t]he Restatement recognizes an action such as is involved here”. Section 139 is quite simply one of the estoppel sections of the Restatement. (See Restatement, Contracts 2d, § 139, Comment a.) Moreover, Comment b to section 349 sets forth the instances in which damages may be based on plaintiff’s reliance interest. Those instances are spelled out in sections 87 (option contract), 89 (modification of executory contract), 90 (promissory estoppel) and 139 (promissory estoppel). Since this appeal does not involve option or executory contracts, the ineluctable conclusion to be drawn is that the majority has recognized, sub silentio, a cause of action in promissory estoppel.
While the doctrine of promissory estoppel has been recognized and applied in certain cases, to do so here, where the issue has not been pleaded or addressed in the parties’ affidavits and has neither been argued nor briefed, is ill-advised. Moreover, it is difficult to understand why the majority, in discussing plaintiff’s reliance damages, ignores the fact made abundantly clear by plaintiff’s own affidavits and his conduct during the early stages of his litigation, that plaintiff has merely alleged, in all three causes of action, that he is entitled to monetary damages *512 from defendant because he relied on defendant’s alleged promise to enter into a two-year lease — a promise unenforceable under the Statute of Frauds. This is all the more puzzling because we are not presented here with an inexperienced or unsophisticated plaintiff who is unable to protect his own financial interests. To the contrary, Max Farash is a “prominent and successful [real estate] developer” (see Farash v Smith, 59 NY2d 952, 955) who owns thousands of residential housing units in Monroe County and at least eight commercial buildings in downtown Rochester. In light of this, it is incredible that the majority would construe plaintiff’s complaint and affidavits in a way that even the plaintiff never intended and then adopt a novel legal doctrine solely for the purpose of extending equitable relief to the plaintiff where it would previously have been unavailable. Surely a sophisticated businessman such as Max Farash knew that he could have easily insured that defendant would pay for the extensive renovation work plaintiff performed on his own building merely by obtaining defendant’s promise to that effect. Plaintiff’s failure to obtain such a promise leads inevitably to the conclusion that defendant never intended to pay for such renovation and, thus, never agreed to do so. Nevertheless, the majority unnecessarily provides plaintiff with an opportunity to go before a jury and request that the defendant, who received nothing from the plaintiff, be ordered to pay for the improvements made on plaintiff’s own building. Nothing in logic or existing law supports such a result.
In the absence of either a contract requiring defendant to pay for plaintiff’s renovation or some evidence that defendant was unjustly enriched, thus allowing plaintiff to recover under a cause of action sounding in quasi contract, defendant should not be held potentially liable to plaintiff for such renovation costs. Accordingly, I would affirm the order of the Appellate Division.
Judges Jones, Wachtler and Meyer concur with Chief Judge Cooke; Judge Jasen dissents and votes to affirm in a separate opinion in which Judge Simons concurs.
Order modified, with costs to appellant, in accordance with the opinion herein and, as so modified, affirmed.