PER CURIAM.
We find no error in the trial court holding that the underlying brokerage contract between a New York resident, and a Florida corporation, was an oral agreement,[1] governed by the law of the State of New York, and non-enforceable, because of the New York Statute of Frauds[2].
The brokerage commission was to be payable out of the proceeds of any closing. The closing took place in New York, there *807 fore, this being the last act to complete the contract, it was a New York contract. See e.g. Charles L. Bowman & Co. v. Erwin, 468 F.2d 1293 (5th Cir.1972); Center Chemical Co. v. Avril, Inc., 392 F.2d 289 (5th Cir.1968); Kane v. Hallmark Ins. Co., 409 F.Supp. 467 (S.D.Fla.1976); Goodman v. Olsen, 305 So.2d 753 (Fla.1974); Wingold v. Horowitz, 292 So.2d 585 (Fla.1974); Ray-Hof Agencies, Inc. v. Petersen, 123 So.2d 251 (Fla.1960); Jemco, Inc. v. United Parcel Service, Inc., 400 So.2d 499 (Fla. 3d DCA 1981); Andrews v. Continental Ins. Co., 444 So.2d 479 (Fla. 5th DCA 1984); Confederation Life Association v. Vega Y Arminan, 207 So.2d 33 (Fla. 3d DCA 1968); 1 WILLISTON ON CONTRACTS § 97, (Third Edition 1957). Moreover, there is no right to recover upon an oral brokerage commission in the State of New York. See Philo Smith & Co., Inc. v. Uslife Corp., 554 F.2d 34 (2d Cir.1977); Hardy-Latham v. Wellons, 415 F.2d 674 (4th Cir.1968); Freedman v. Chemical Const. Corp., 56 A.D.2d 514, 391 N.Y.S.2d 122 (N.Y.App.Div.1977); Roberts v. Champion International, Inc., 52 A.D.2d 773, 382 N.Y.S.2d 790 (N.Y.App.Div.1976); Title 7, New York General Obligations Law, § 5-701 (McKinney).
Affirmed.

. Horn & Hardart Co. v. Pillsbury Co., 888 F.2d 8 (2d Cir.1989); City of Yonkers v. Otis Elevator Co., 649 F.Supp. 716 (S.D.N.Y.1986); O'Keeffe v. Bry, 456 F.Supp. 822 (S.D.N.Y.1978); Crabtree v. Elizabeth Arden Sales Corp., 305 N.Y. 48, 110 N.E.2d 551 (N.Y.1953); Intercontinental Planning, Ltd. v. Daystrom, Inc., 24 N.Y.2d 372, 248 N.E.2d 576, 300 N.Y.S.2d 817 (N.Y.1969).

. The New York Statute of Frauds reads in pertinent part as follows: Section 5-701-AGREEMENTS REQUIRED TO BE IN WRITING (a.) "Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his *807 lawful agent, if such agreement, promise or undertaking;
(10.) Is a contract to pay compensation for services rendered in negotiating a loan ... "Negotiating” includes procurring an introduction to a party to the transaction or assisting in the negotiation or the consummation of the transaction." Title 7, New York General Obligations Law, Section 5-701(a)(10), (McKinney).