(Nos. 35522 and 35523 Cons.—

ETHEL BANDRINGA *et al.,* Appellants, *vs.* RICHARD BANDRINGA *et al.,* Appellees.

*Opinion filed September 29, 1960—Rehearing denied Nov. 30, 1960.*

WILLIAM S. KLEINMAN, of Chicago, for appellants.

OTTO W. BARNES, and MADIGAN AND THORSEN, both of Chicago, (THOMAS W. BLOSS, of counsel,) for appellees.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Plaintiff, Ethel Bandringa, individually and as administratrix of the estate of her deceased husband, Siebert Bandringa, as well as on behalf of her minor son, also named Siebert Bandringa, filed a complaint in equity in the circuit court of Cook County on October 29, 1956, against Richard Bandringa, a son of the decedent by a prior marriage, and Lillian J. Bandringa, his wife. During his lifetime, Siebert Bandringa had organized and conducted a business known as "Bandringa Movers," in which his son, Richard, had joined him. The complaint alleged that a close confidential and business relation existed between Richard and his father in the conduct of the business. It was further alleged that during the course of the administration of the estate of Siebert Bandringa it was disclosed for the first time that Richard Bandringa claimed title to the real estate in which the business was located, and that he claimed to be a partner in the business to the extent of 70 per cent of the business assets. The plaintiff asserted that if Richard Bandringa held any title to the business premises, he acquired it in violation of his fiduciary relationship with his father, in fraud of the rights of the decedent and of the plaintiffs, and that he held any such title as a resulting trustee for the heirs at law of the decedent.

It was additionally claimed that Richard Bandringa failed to account for the proceeds of two large loans of the decedent; failed to account for numerous secret profits on business jobs and sales of business owned furniture; purchased seven $1,000 series E United States Government bonds for decedent and had them issued in the name of decedent and himself and wrongfully withheld five of them for himself; that Richard has since the death of his father converted many business assets, consisting of new and used furniture, carpets, and other items, and has purchased a certain described home costing $30,000 for himself and his wife, taking title in the name of himself and his wife, has purchased furniture and converted business owned furniture, and has purchased two automobiles, using cash belonging to the decedent and to the business; that Richard has operated the business since the death of his father to the exclusion of the administrator and in derogation of the rights of the plaintiffs. Plaintiffs prayed that the business be declared to be solely owned by Siebert Bandringa at the time of his death, including the title to the real estate occupied by the business; that Richard Bandringa be declared the resulting trustee of any title to said business realty, for the heirs at law of the decedent; that the business and all of its assets be adjudged the property of the decedent; that Richard Bandringa be directed to make detailed disclosures of all of his transactions and dealings in respect to decedent, the business and its assets, of all investments and loans made for him by, through, or on behalf of the decedent, of all income and profits of the business, of all facts and details in respect to the seven series E United States Government bonds, and in what manner he purchased his new home and the funds used. It is further prayed that the court take over the administration of the estate of Siebert Bandringa, appoint a receiver and direct the restoration of all property of the estate held by the defendants.

Upon denial of their motion to strike and dismiss the complaint, the defendants answered asserting that the business property was acquired by Siebert Bandringa and his first wife in joint tenancy, that the wife conveyed her interest therein to Richard Bandringa by deed of August 15, 1931; and that in 1932 Richard Bandringa and Siebert Bandringa joined in conveyances placing the title in them as joint tenants—long before the marriage of Siebert Bandringa and Ethel Bandringa on March 30, 1950—and that by oral agreement in 1932, Richard Bandringa and decedent became equal partners, and that on or about January 1, 1940, the decedent and Richard Bandringa by oral agreement became 30 per cent and 70 per cent partners respectively due to the decedent becoming less active in the work and effort of the business. Defendants further answered that Richard had made full disclosure to the probate court of all of decedent's business assets, had presented himself and all records for examination at ten hearings, that he purchased the questioned government bonds with his own money and $1,500 owed by Siebert to Richard; that a true partnership inventory had been filed in the probate court; and prayed that the complaint be denied and dismissed.

Subsequent to various motions, amendments and reply, the court proceeded to hear evidence in the cause in equity. Over the objections of defendants' counsel and the defendants' motion to strike the evidence so presented, the court permitted the attorney for plaintiffs to read into evidence parts of the transcript of the discovery depositions of Richard Bandringa and Lillian Bandringa, defendants. Richard's deposition reviewed the business life of Siebert Bandringa, the acquisition of the realty in which the business was located, and the subsequent conveyances into the ownership of Richard and his father as cotenants and then as joint tenants, as outlined in defendants' answer. Richard also reviewed his entry into the business, his activities therein, the loans both he and his father made, and the purchase

of the seven bonds with Richard's accumulated assets and a $3,000 inheritance from his uncle. The plaintiffs' case was not advanced by this deposition. Some question is raised as to the admissibility of the depositions as admissions against interest, but even considered as properly admitted, they fail to sustain plaintiffs' complaint. Richard's deposition substantiates and bolsters the allegations of his answer.

Similarly the discovery deposition of Lillian Bandringa added nothing significant to the evidence. She merely recited her marriage, where she had made her home with Richard, that Richard paid all of their household bills, and that she knew nothing of the business or her husband's business transactions.

Josephine Bandringa, wife of Henry Bandringa, a brother of the decedent, testified that she lived across the alley from the business, that she often stayed in the business office when the men were all called out, that she saw the decedent and Richard divide the money half and half when she purchased articles from the business, and she observed Richard and his father quarrel often.

Henry Bandringa, a brother of Siebert Bandringa, deceased, stated that he worked for his brother for fifteen years, and did some work for Richard after his father's death. He said his brother did not work quite as much during the last five years of his life. He claimed he heard Richard and decedent quarrel over Richard's sale of a mortgage on a gas station without his signature, and he accused Richard of taking part of the money before they split the proceeds. Henry testified that shortly after Siebert's death he asked Richard what happened to the large roll of rugs the business had just before the death—who said it was his business and he would do as he wished.

The defendants offered no evidence. However, attached to defendants' affidavit in support of their motion to strike plaintiffs' reply, were certified copies of the deeds (1)

whereby Siebert Bandringa and his first wife acquired the business property, (2) whereby the first wife conveyed her interest in the property to Richard Bandringa, and (3) whereby the property was placed in joint tenancy for Siebert Bandringa and Richard Bandringa, together with an audit of Bandringa Movers from January 1, 1943, to December 31, 1955, and a copy of the order of the probate court of Cook County dated February 27, 1957, striking the administratrix's supplemental inventory listing a one half interest in the real estate on which the business was located and directing the administrix to turn two United States Government bonds, series E, over to Richard Bandringa.

Upon the close of plaintiff's case and upon motion of the defendants, the court thereupon found that the evidence wholly failed to establish the cause alleged in the complaint, directed that the complaint be dismissed for want of equity, and that the administratrix turn over the two bonds, held by her, to the defendant Richard Bandringa.

The record is completely devoid of any evidence that the real estate was purchased with assets of the partnership or of Siebert Bandringa, individually, that the said real estate was owned by the partnership or by Siebert Bandringa, individually, or that the said real estate had been contributed to the partnership as a business asset. All of the testimony and exhibits support the position that the real estate was owned by decedent and Richard as legitimate joint tenants, and fails to support plaintiffs' allegations as set forth in the complaint in equity.

The only evidence that supports any part of the plaintiffs' case is that of Josephine Bandringa and Henry Bandringa, sister-in-law and brother of the decedent. Josephine testified that she sometimes stayed in the business when decedent was called away, that Richard and decedent often divided the money of the business half and half, and she often heard quarrels between Richard and his father.

Henry Bandringa worked for the decedent at various times for 15 years. He heard Richard and decedent argue, and on one occasion the decedent wanted to know how Richard could sell a mortgage on a gas station without his signature. He accused Richard of holding out money from the business. Henry observed large rolls of rugs in the business building just before his brother's death which were missing shortly thereafter. When he asked Richard what had happened to the rugs, Richard said it was his business, that it was then his, and he could do with it as he wished.

Plaintiffs wholly failed to offer any evidence regarding the title to the real estate, and they now insist that defendants should prove there was no constructive trust. Plaintiffs alleged the existence of a fiduciary relationship, fraud, undue influence and a constructive or resulting trust. The evidence presented tends only to establish the fact that some partnership existed between the father and son. A fiduciary relation does obtain between partners (*Rizzo* v. *Rizzo*, 3 Ill.2d 291) but the mere existence of a fiduciary relationship does not give rise to a constructive trust.

In a partnership, each partner is a fiduciary of the other. Ordinarily in a fiduciary relationship the burden falls upon the dominant party to establish the fairness of any transaction with or on behalf of the party dominated, whereby the dominant party gains some value or advantage. Here the fact of a partnership is shown by the pleadings and admitted by both parties, but before the usual rule applies, the plaintiffs had the burden of establishing that one partner was dominant over the other. Thus plaintiffs had the burden of establishing such dominance on the part of Richard before the burden of proof shifted—and also of establishing that Richard enjoyed some gain at the expense of his father. Plaintiffs have failed in their burden—their competent evidence establishing, if anything, that the father did not rely on or place his confidence in his son so that Richard became a dominant partner. Until a violation of the confidential

relation is established, or fraud is shown, no duty rests upon these defendants to account to the estate or to plaintiffs other than that which has heretofore occurred. Such evidence as appears supports the defendant's position. Plaintiffs fail to appreciate that the evidence indicates that Richard's interest in the business-occupied real estate came not from any partnership but came initially from his mother. He contributed as much to the joint tenancy as did his father. Moreover, a conveyance from a father to his son is presumed to be a gift until the contrary is shown.

Plaintiffs' evidence likewise fails to prove that the partnership was not one in which Richard owned 70 per cent of the business assets as claimed by Richard in the partnership inventory filed in the estate. Josephine Bandringa's testimony does indicate that at one time there was a 50-50 partnership. The report obtained upon leave granted to plaintiffs to audit the books of the business showed that the business was a 50-50 partnership until 1943 when it became and was ever since operated at 70-30 until the death of Siebert.

Plaintiffs also alleged that the decedent, Siebert Bandringa, requested Richard to purchase seven $1000 bonds for him in February, 1955, and gave Richard the necessary cash for them, and that Richard now wrongfully holds five of the said bonds and claims the other two. Plaintiffs prayed that Richard be required to disclose all of the details of the purchase of the bonds, his interest therein, and that the court declare the bonds to be part of the estate. Richard denied that the bonds were assets of the estate and asserted that an order should be entered directing the administratrix to surrender the two bonds held by her. The evidence offered by plaintiffs upon the hearing of the cause in equity likewise wholly fails to sustain the allegations of the complaint in regard to the title to the bonds. Such evidence as does bear upon this question, if considered admissible, substantiates the claim of Richard Bandringa that the bonds

in question were purchased with his money and assets. Consequently, upon dismissal of the complaint, the defendant Richard Bandringa was entitled to have the bonds ordered turned over to him on his plea in defense to the cause. The same issue, moreover, was tried in the probate court pursuant to statutory authority. (Ill. Rev. Stat., 1955, chap. 3, par. 339a.) The probate court had jurisdiction to hear evidence and determine title to personal property claimed as an asset of the estate, and to direct that such asset be turned over to the claimant, if proved to be the owner. The issue was thus the same as that tried in the equity court in regard to the bonds.

It thus appears that plaintiffs wholly failed to prove the allegations raised in their complaint in equity. Numerous minor issues were raised by defendants upon this appeal, but to discuss each of them at length would unduly lengthen this opinion without adding materially to any legal thought, or effecting a change in the result of this review. There is no substantial evidence tending to prove plaintiffs' allegations, and the defendants were entitled to a dismissal of the equity complaint upon motion. *City of West Frankfort* v. *Fullop,* 6 Ill.2d 609.

In the probate court of Cook County, subsequent to the death of Siebert Bandringa, the plaintiff, Ethel Bandringa, his widow, secured letters of administration, and Richard Bandringa filed his inventory of the partnership assets, showing assets of $3,333.53, liabilities of $68.44 and partnership interests of 70 per cent for himself and 30 per cent for the decedent. The administratix filed objections to the partnership inventory, stating that the real estate in which the business was located was not listed, although it belonged to the partnership and was held in joint tenancy for convenience only, that the partners' interests were incorrect, and other objections. She then filed an inventory in the estate listing a one half interest in the realty wherein the business was located, to which

Richard filed objections asking that the claimed interest in the real estate be stricken, and that the administratrix be ordered to turn over to him two United States Government bonds, series E, payable to himself or his deceased father and held by the administratrix. The administratrix filed a supplemental inventory listing a claim against Richard for an accounting of the partnership profits. The court ordered that Michael Tauber & Co. appraise the assets of the business, and their report showed total assets of $2,581.03. Plaintiff obtained leave to audit the books of the partnership, and the report to her counsel found a 50-50 partnership from 1932 to 1943, and thereafter a 70-30 partnership.

The administratrix filed a second supplemental inventory listing her cause in equity filed in the circuit court of Cook County as an additional asset. Richard again filed objections and moved to strike the second supplemental inventory. After hearing the probate court found, on February 27, 1957, that the administratrix had failed to produce any evidence showing any interest of the heirs or the estate in the property on which the business was located, that a claim of interest in the property was not properly included in the inventory of the estate, that the two governmental bonds belonged to Richard Bandringa, struck the claim of interest in the real estate from the inventory and directed that the bonds be turned over to Richard. The administratrix appealed to the circuit court of Cook County. Richard moved for a summary order in his favor, on the grounds that all of the issues had been decided in his favor in the equity cause. The court thereupon entered a summary order in favor of Richard Bandringa, finding the order in the cause in equity to be *res judicata*.

The dismissal of the complaint in equity at the close of plaintiffs' case determined that plaintiffs' evidence failed to prove the merits of their allegations. Similar issues were presented in the probate court proceeding—whether the

estate had an interest in the real estate upon which the business was located, whether a 70-30 partnership existed between the decedents and Richard, whether the equity proceeding constituted an estate asset, and whether Richard Bandringa was entitled to the seven United States bonds. These issues were determined adversely to plaintiffs in the probate court. Upon appeal the court ruled that the issues in the probate appeal were decided in the equity cause, which was *res judicata* of the hearing on the appeal from the probate cause, and affirmed the probate court.

The legal effect of the dismissal of the equity cause was to adjudicate the equity issues adversely to the plaintiffs. A judgment of dismissal upon the merits of the cause, and not for a defect in pleading, may be a bar to a subsequent proceeding upon the same facts. (*People ex rel. Chilcoat* v. *Harrison,* 253 Ill. 625.) The same parties are interested persons in both proceedings and the matters to be determined are essentially the same. A final determination on the merits was had in the equity proceeding upon all of the issues presented in the appeal from the probate court. That determination is *res judicata* of all issues which were decided or which might have been presented in the equity cause. That determination is a conclusive determination of the issues involved in the hearing of the probate cause in the circuit court. (*Carey* v. *Funk,* 327 Ill. App. 274.) The circuit court correctly so held, and determined the issues presented in favor of the defendants.

The orders and decree of the circuit court of Cook County are therefore affirmed in the two cases here consolidated on appeal.

*Orders and decree affirmed.*