ROGER TOUHY, Indiv. and as Adm'r of the Estate of Roger Touhy, Deceased, Plaintiff-Appellant, *v.* TWENTIETH CENTURY-FOX FILM CORPORATION *et al.*, Defendants-Appellees.

First District (1st Division)   No. 78-1078

Opinion filed March 5, 1979.

Daniel Nagle, of Chicago, for appellant.

Bergstrom, Davis & Teeple, of Chicago, for appellee Twentieth Century-Fox Film Corporation.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Plaintiff, Roger Touhy, individually and as administrator of the estate of Roger Touhy, deceased, brought an action against Twentieth Century-Fox Film Corporation and Balaban & Katz Corporation, for breach of contract based on a 1949 release and covenant not to sue executed by the late Roger Touhy. The trial court granted defendants' motion to strike and dismiss plaintiff's complaint and entered judgment for defendants. Plaintiff appeals from this order only with reference to Twentieth Century-Fox Film Corporation (defendant).

The issues presented on appeal are: (1) whether the 1949 release contains a covenant or promise on the part of defendant that it will not sell or distribute the film "Roger Touhy, Gangster" in the continental United States; (2) whether defendant is bound by a release that it did not sign; (3) whether this action is barred by the Statute of Frauds; and (4) whether this action is barred by res judicata or collateral estoppel.

In 1944, plaintiff's father (also named Roger Touhy) filed an action in the United States District Court entitled Roger Touhy v. Twentieth Century-Fox Film Corporation, N.D. Ill. No. 44C 942. Touhy alleged that he was defamed by the film "Roger Touhy, Gangster." That case was settled by payment of $15,000 to plaintiff's father by the defendant and codefendant, and the execution by plaintiff's father of a release which provided:

"TO ALL TO WHOM THESE PRESENTS
SHALL COME OR MAY CONCERN
GREETING: KNOW YE, THAT I, ROGER TOUHY, being over the age of 21 years, for and in consideration of the sum of

fifteen Thousand Dollars, lawful money of the United States of America, and other good and valuable considerations, to me in hand paid by TWENTIETH CENTURY-FOX FILM COR- PORATION, a corporation, and BALABAN & KATZ CORPOR- ATION, a corporation, receipt whereof is hereby acknowledged, have remised, released and forever discharged, and by these presents do for myself, my heirs, executors, administrators and assigns, remise, release and forever discharge the said TWENTIETH CENTURY-FOX FILM CORPORATION, its distributees, licensees and exhibitors throughout the world, and BALABAN & KATZ CORPORATION, a corporation, their respective heirs, executors, administrators, successors and assigns, of all and from all, and all manner of action and actions, cause and causes of actions, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversy, agreements, promises, variances, trespasse damage, judgments, extents, executions, claims and demands, whatsoever, in law or in equity, which against TWENTIETH CENTURY-FOX FILM CORPORATION, a corporation, its distributees, licensees and exhibitors, throughout the world and BALABAN & KATZ CORPORATION, a corporation, I ever had, now have or which I and my heirs, executors, administrators and assigns, and any thereof, hereafter can, shall, or may have for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of these presents. This release includes, without limitation on the generality of the foregoing, all claims, demands, actions and suits of every kind and nature which I have had in the past or which I or my heirs, executors, administrators or assigns shall, can or may have up to this date, arising, directly or indirectly, out of the production, distribution, exploitation and exhibition of the motion picture Roger Touhy, Gangster, produced by Twentieth Century-Fox Film Corporation, or any matters and things arising out of the distribution and exhibition of said picture as provided in the next paragraph hereof.

And for the consideration aforesaid I do hereby for myself, my heirs, executors, administrators and assigns, covenant and agree that I will not, nor shall my heirs, executors or administrators at any time hereafter, institute, prosecute or maintain any action at law or suit in equity against Twentieth Century-Fox Film Corporation, its distributees, licensees and exhibitors throughout the world arising out of the normal distribution worldwide of existing prints of said picture and the exhibition thereof outside the territorial limits of

continental United States of America, pursuant to existing commitments, and I do hereby for myself, my heirs, executors, administrators and assigns further covenant and agree that this agreement may be pleaded in bar in any action, suit or other proceeding which may be instituted by me, or my heirs, executors, administrators or assigns contrary to the provisions hereof.

And I do hereby stipulate and agree that so much of the complaint filed by me in the District Court of the United States, for the Northern District of Illinois, Eastern Division, entitled 'Roger Touhy, Plaintiff, v. Twentieth Century-Fox Film Corporation, a corporation and Balaban & Katz Corporation, a corporation, Defendants, Case No. 44 C 942' as may be pending, may be dismissed without costs.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this 24 day of October, 1949.

(Signed)        Roger Touhy        (SEAL)

(Acknowledgment)"

On November 1, 1949, the district court entered its order which disposed of that case in this language:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the court that the amended complaint herein be, and the same is hereby dismissed without costs, the matter thereof having been fully released and discharged."

Plaintiff's father, Roger Touhy, died in 1959. In July of 1974, plaintiff filed suit in the United States District Court for the Northern District of Illinois against Columbia Broadcasting System. He alleged that under the provisions of the settlement agreement of 1949, Twentieth Century-Fox (defendant) had agreed that the film was never to be shown but was to be destroyed. Plaintiff prayed injunctional and other relief. In those proceedings, plaintiff made it clear that he was suing Columbia Broadcasting System as a distributee or licensee of Twentieth Century-Fox (defendant here) and that he sought to enforce the release as an affirmative contractual obligation of said defendant and hence derivatively of CBS. The district court denied the plaintiff's motion for an injunction on the ground that plaintiff had failed to demonstrate any irreparable injury which would overcome the right of CBS to freedom of expression under the first amendment. The court then also suggested that it would retain the matter and set a briefing schedule on the issue of damages. Plaintiff rejected the court's proposal stating that the injunction was the only relief that he sought. Thereafter, the district court dismissed the suit.

On February 5, 1976, plaintiff filed the complaint in the within proceedings. He alleged that he was the son of the deceased Roger Touhy, and was suing individually and as the administrator of the estate of his late father. Plaintiff prayed for damages caused by the alleged breach of contract by defendant in selling or distributing the film "Roger Touhy, Gangster" to Columbia Broadcasting System and other television stations throughout the continental United States. The movie was televised by CBS on August 20, 1975. Plaintiff alleged these actions by defendant to be in breach of the 1949 release signed by his father. Defendant filed a motion to strike and dismiss the complaint for failure to state a legally sufficient claim and because the claim was barred by res judicata. The motion was supplemented by an allegation that the action was barred by the Statute of Frauds as an agreement not to be performed within one year and not signed by the party to be charged. The trial court granted defendant's motion to dismiss based on its finding that the release did not contain any terms which would bind defendant not to distribute the movie. Judgment was entered for defendant and this appeal followed.

Plaintiff contends that, by accepting the release, defendant promised not to sell, distribute, or exhibit the film "Roger Touhy, Gangster" in the continental United States. He maintains that since the language of the release allows the defendant to exhibit the film "outside the territorial limits of the continental United States" without being sued by Roger Touhy, Sr., or his heirs, then by inference defendant promised that it would not show the film within the United States.

Defendant maintains that the release is a unilateral contract which operated only to dismiss the 1944 lawsuit brought by Roger Touhy, Sr., and to release a claim relating thereto on behalf of Roger Touhy, Sr., and his heirs, as well as certain possible future lawsuits. Defendant further maintains that the release contains no affirmative contractual agreement by defendant not to distribute the film in the United States. We agree.

■ A release is a contract wherein a party abandons a claim to the person against whom the claim exists. Where the release is executed with the knowledge of its meaning, causes of action covered by the release are barred. (*Ogren v. Graves* (1976), 39 Ill. App. 3d 620, 622, 350 N.E.2d 249.) Since a release is a contract, the interpretation and construction of it is governed by the rules of contract law. (*Affiliated Realty & Mortgage Co. v. Jursich* (1974), 17 Ill. App. 3d 146, 150, 308 N.E.2d 118.) It is a generally accepted rule that the rights of parties to a contract are limited by the terms expressed in the instrument. (*Kohenn v. Plantation Baking Co.* (1975), 32 Ill. App. 3d 231, 234, 336 N.E.2d 491.) In the construction of contracts where no ambiguity is presented the meaning of the agreement and the intention of the parties must be ascertained from the words

employed therein. (*National Bank v. West Construction Co.* (1976), 41 Ill. App. 3d 686, 689, 355 N.E.2d 43.) "[D]etermination of whether an agreement is ambiguous is a matter of law." *Stevenson v. ITT Harper, Inc.* (1977), 51 Ill. App. 3d 568, 573, 366 N.E.2d 561, *appeal denied* (1977), 66 Ill. 2d 642.

Our analysis of this release convinces us that it is a clear and unambiguous document, and therefore, no rules of construction need be applied. (*Stevenson*, 51 Ill. App. 3d 568, 573.) The plaintiff's father, Roger Touhy, gave up any claims, demands, actions, or suits "arising out of the production, distribution, and exhibition of the motion picture 'Roger Touhy, Gangster' " which he or his heirs may have had in the past. He further covenanted and agreed that he, his heirs, executors or administrators would not "institute, prosecute or maintain any action at law * * * against Twentieth Century-Fox Film Corporation, its distributees, licensees, and exhibitors throughout the world arising out of the normal distribution worldwide of existing prints of said picture and the exhibition thereof outside the territorial limits of continental United States of America, pursuant to existing commitments * * *."

■■■ We accept plaintiff's statement of the general principle that "a party named in the contract may by his acts and conduct become bound by its provisions even though he has not signed it." (*Amelco Electric Co. v. Arcole Midwest Corp.* (1976), 40 Ill. App. 3d 118, 124, 351 N.E.2d 349, and cases there cited.) The distinction in the case before us is that the release contains no promises or covenants by defendant. It is a unilateral contract, a promise given by Roger Touhy, Sr., in exchange for defendant's payment of $15,000 to him. Once defendant paid this agreed sum, all of its contractual obligations had been met. It has been repeatedly held that a court cannot add covenants to a contract simply to reach what may appear to be a more equitable result when the contract is an unambiguous expression of the entire agreement. (See *Stevenson*, 51 Ill. App. 3d 568, 573.) Since the release contains no promises on the part of defendant, it follows that plaintiff has failed to state a cause of action for breach of contract and the trial court properly dismissed the complaint.

In view of our disposition of this issue, we need not consider the remaining issues presented. Accordingly, the judgment of the trial court is affirmed.

Judgment affirmed.

McGLOON and O'CONNOR, JJ., concur.