RONALD NELSON, Plaintiff-Appellant, *v.* FREDERICK L. WARNKE, Defendant-Appellee.

First District (1st Division)   No. 82—2786

Opinion filed March 5, 1984.

Robert Handelsman and Lawrence Rubinstein, both of Robbins, Coe, Rubinstein & Shafran, Ltd., of Chicago, for appellant.

Ronald O. Roeser, of Elgin, and John B. Biallas, of St. Charles, for appellee.

JUSTICE McGLOON delivered the opinion of the court:

Plaintiff brought an action for an account in the circuit court of Cook County. Following combined motions to dismiss under sections 2—615 and 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, pars. 2—615, 2—619), the trial court dismissed the action with prejudice. The issue presented by this appeal is whether the trial court erred in dismissing the action.

We affirm.

In 1972, plaintiff, Ronald Nelson, entered into a limited partnership agreement with defendant, Frederick L. Warnke. Defendant was the general partner. The partnership was formed for the purpose of acquiring and operating eight apartment buildings. By February 1978, all the buildings had been sold. The net proceeds available for distribution were $247,000, of which $74,000 was due plaintiff. Although all the partnership debts and liabilities had been satisfied by April 1978, plaintiff did not receive the bulk of his share of the proceeds until November 4, 1980. On that date he received $70,750.83. (He had already received $6,500.) During the 2½ year period when the funds were allegedly available for distribution to the limited partners, they were invested in certificates of deposit for a total of 15 months.

Plaintiff filed a complaint seeking an accounting in August 1981. The parties met on December 3, 1981, to discuss the pending action. After their meeting, defendant tendered a check to plaintiff in the amount of $5,854.79. By letter dated December 13, 1981, plaintiff informed defendant that he had been advised that defendant's failure to invest the partnership funds was a violation of defendant's fiduciary responsibility. This allegation was added to plaintiff's second amended complaint. On October 18, 1982, the trial judge granted defendant's motion to dismiss the second amended complaint and dismissed the cause of action with prejudice.

The issues presented by this appeal are: (1) whether defendant, as general partner, owed plaintiff a fiduciary duty to invest the funds held for distribution to the limited partners, and (2) whether the trial

court erred in finding that an accord and satisfaction barred plaintiff's claim.

■ Defendant concedes that as a general rule a fiduciary relationship exists between partners. (*Bandringa v. Bandringa* (1960), 20 Ill. 2d 167, 170 N.E.2d 116.) Plaintiff's contention, that defendant is liable for allowing funds to remain in a non-interest-bearing account, is premised upon this general rule. However, we find controlling the fact that the partnership agreement specifically permits the general partner to invest partnership funds in non-interest-bearing investments. The right of partners to establish, by means of an agreement, the duties and obligations owed one another has long been respected by this court. (*Estate of McKay v. Mosses* (1976), 35 Ill. App. 3d 458, 343 N.E.2d 45; *Meyer v. Sharp* (1950), 341 Ill. App. 431, 94 N.E.d 510.) Where there is a partnership agreement, the court must construe it as any other contract to determine the duties of the parties. *Estate of McKay*.

Article IX of the agreement, entitled "Partnership Funds," provides:

> "The funds of the partnership shall be deposited in such bank account or accounts or invested in such interest bearing or *noninterest bearing investments*, as shall be designed by the general partner. All withdrawals from any of such bank accounts shall be made by the general partner or his duly authorized agent or agents."

This provision governs defendant's obligations toward the funds of the partnership. It is unambiguous in that it gives the general partner discretion to hold partnership funds in non-interest-bearing investments.

■ We are unconvinced by plaintiff's argument that the provision is irrelevant because the funds at issue are "moneys earmarked for distribution" rather than "funds of the partnership." A partnership remains in existence after dissolution until the winding up of the partnership's affairs is completed. (*Mandell v. Centrum Frontier Corp.* (1980), 86 Ill. App. 3d 437, 407 N.E.2d 821.) Accordingly, we agree with the trial court's finding that the funds were partnership funds. Therefore, under the terms of article IX of the partnership agreement, defendant was not obligated to place the funds in an interest bearing account.

Next, plaintiff contends that the trial court erred in dismissing plaintiff's complaint under section 2—619(a)(9) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—619(a)(9)). To support this contention, plaintiff argues that the parties' affidavits are merely

contradictory regarding whether plaintiff's acceptance of the check for $5,854.79 served as an accord and satisfaction. We need not, however, address this contention because the dismissal of a complaint will be upheld on any basis appearing in the record which demonstrates that the judgment is correct. *White Fence Farm, Inc. v. Land & Lakes Co.* (1981), 99 Ill. App. 3d 234, 424 N.E.2d 1370; *Sandberg v. American Machining Co.* (1975), 31 Ill. App. 3d 449, 334 N.E.2d 246.

■ The record before us establishes that plaintiff received a portion of his share of partnership assets on June 5, 1977, and the balance on November 4, 1980. After the instant action was filed, the parties met at defendant's home. Defendant tendered to plaintiff a check for $5,854.79. In a letter dated December 13, 1981, plaintiff admits that he was able to verify that "the partnership funds had not been misappropriated; and that based upon the interest actually received from certificates of deposit, the amount still due [him] was $5,854.79." Plaintiff also acknowledged receiving a check drawn on the partnership account in that amount. Having already determined that the partnership agreement allows defendant to deposit the partnership funds in non-interest investment, we find that plaintiff received all that was due him. Accordingly, we affirm the trial court's order dismissing the complaint and striking the cause with prejudice.

Judgment affirmed.

BUCKLEY, P.J., and CAMPBELL, J., concur.