EDUARDO COSTA, Plaintiff-Appellant, v. STEPHENS-ADAMSON, INC., *et al.*, Defendants-Appellees.

Second District   No. 2—85—0308

Opinion filed March 27, 1986.

Norman R. Lawrence, of Aurora, for appellant.

William C. Murphy and Paul G. Krentz, both of Murphy, Hupp, Foote & Mielke, of Aurora, for appellees.

JUSTICE UNVERZAGT delivered the opinion of the court:

Plaintiff, Eduardo Costa, filed a complaint against defendants, Stephens-Adamson, Inc., and Allis Chalmers Corporation, for breach of contract, alleging that a certain libelous letter was sent by the defendant corporations in contravention of a release contract executed by the defendants. The circuit court of Kane County granted defendants' motion to dismiss for failure to state a cause of action, and plaintiff was given leave to amend. The trial court then granted defendants' motion to dismiss plaintiff's amended complaint for failure to state a cause of action (Ill. Rev. Stat. 1983, ch. 110, par. 2—615), and plaintiff appeals from that order.

Plaintiff alleged, in his amended complaint, that he had been an employee of defendant corporations; that he had had a disagreement with defendant corporations at some time prior to April 30, 1982, resulting in plaintiff bringing a legal action against defendants in the circuit court of Kane County; that in the lawsuit he sought damages and relief from treatment he received as defendants' employee; that the lawsuit set forth claims for violations of a "termination agreement," a "consulting agreement," and a "sales representation agreement"; and that he also sought damages and relief from the dissemination of libelous, slanderous or negative information regarding plaintiff's conduct as an employee. The amended complaint further alleged that in order to settle all claims and counterclaims arising out of that lawsuit, the parties executed mutual releases in April 1982, and that while plaintiff has performed all obligations on his part, defendants breached the terms of the release they executed by sending a letter to plaintiff's prospective employer which indicated that defendant corporations could not give a letter of reference which would be helpful to plaintiff. Plaintiff alleged that as a result of the breach of contract, he suffered economic loss as well as damage to his reputation and emotional distress.

A cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which will entitle plaintiff to recover. In order to survive a motion to dismiss, a complaint must allege facts which establish and substantiate the cause of action which plaintiff seeks to state. (*Segall v. Berkson* (1985), 139 Ill. App. 3d 325, 328.) To state a cause of action for breach of con-

tract, the following elements must be alleged: (1) the existence of a contract; (2) plaintiff's performance of all contractual obligations required of him; (3) facts constituting the alleged breach; and (4) the existence of damages resulting from the breach. (139 Ill. App. 3d 325, 332.) The issue raised by defendants' motion to dismiss, and decided adversely to plaintiff in this case, is whether plaintiff's amended complaint set forth sufficient facts to establish a breach of the contract terms. In this regard, we note that in defendants' motion to dismiss for failure to state a cause of action (Ill. Rev. Stat. 1983, ch. 110, par. 2—615), defendants have advanced defenses to the allegations of the complaint. Factual defenses which may defeat the plaintiff's claim are not available under a motion to dismiss for failure to state a cause of action (Ill. Rev. Stat. 1983, ch. 110, par. 2—615), and we must consider only the sufficiency of the allegations of the complaint. (See *Davis v. Weiskopf* (1982), 108 Ill. App. 3d 505, 509.) Accordingly, we will disregard those portions of defendants' appellate brief in which they once again advance defenses to plaintiff's claim in urging this court to uphold the trial court's order of dismissal.

Plaintiff's amended complaint alleged that defendants' conduct, in issuing a letter to plaintiff's prospective employer and stating that defendants could not send a letter of reference which would be helpful to plaintiff, amounted to a breach of contract. The contract referred to was a release executed by defendants in which they agreed, in return for a release executed by plaintiff, to release and forever discharge plaintiff from all claims and counterclaims which were embodied or could have been embodied in the lawsuit brought by plaintiff, and all claims for violations of agreements referred to therein. The release specifically indicated that these were claims which defendants had or could have arising out of any matter up until the date of that release, April 30, 1982.

A release is a contract wherein a party abandons a claim to a person against whom the claim exists. (*Touhy v. Twentieth Century-Fox Film Corp.* (1979), 69 Ill. App. 3d 508, 512.) Construction of a release is governed by rules prevailing in contract cases. (*Ainsworth Corp. v. Cenco, Inc.* (1982), 107 Ill. App. 3d 435, 439.) Where a written release is clear and explicit, the court must enforce the agreement as written, and the meaning and intention of the parties should be gathered from the face of the document. *Rakowski v. Lucente* (1984), 104 Ill. 2d 317, 323.

Plaintiff argues on appeal that by the plain language of the release, defendants are precluded from disseminating negative information regarding any of plaintiff's employment conduct which occurred

while plaintiff was working for defendant corporations. He contends that the original lawsuit involved dissemination by defendants of negative information regarding plaintiff's conduct as an employee. Defendants, in turn, argue that the language of the release clearly indicates that by executing the release, defendants only promised to forego existing claims and did not promise to disseminate only favorable material regarding plaintiff's conduct as an employee. Defendants place great reliance on the case of *Touhy v. Twentieth Century-Fox Film Corp.* (1979), 69 Ill. App. 3d 508, arguing that, as in that case, the terms of the release in the instant case did not obligate or preclude defendants from any future action. We believe defendants' argument that *Touhy* is dispositive of this issue is incorrect.

In *Touhy v. Twentieth Century-Fox Film Corp.* (1979), 69 Ill. App. 3d 508, plaintiff, as administrator of the estate of his deceased father, brought a lawsuit on a breach-of-contract theory. The action was based on plaintiff's theory that by the terms of a release signed by his father, defendant corporation was implicitly promising not to sell or market a certain film at any future time. That case involved a single release signed by the plaintiff's father in which he agreed to forego a pending lawsuit and not to pursue future claims against the film corporation which arose out of a distribution of the film, in return for which the defendant corporation promised to pay him $15,000. The court held that no promises were made by defendant corporation as to future distribution of the film, and that the defendant corporation's contractual obligation was fulfilled when it paid plaintiff's father $15,000. Contrary to the facts in that case, here there was a clear promise made by defendant corporations, by the terms of the release that they signed, that precluded them from bringing future claims which were embodied in plaintiff's former legal action. Nevertheless, we find that the trial court properly granted defendants' motion to dismiss for failure to state a cause of action.

When a trial court grants a motion to dismiss without specifying on which ground, all grounds raised by the movant are placed before the reviewing court. (*Mid-Town Petroleum, Inc. v. Dine* (1979), 72 Ill. App. 3d 296, 298-99.) Defendants, in their motion to dismiss, argued that the plain language of the contract indicated that the intent of the parties was that defendants abandon all claims arising out of the plaintiff's lawsuit. The language did not indicate that defendants were promising to forego any future communications regarding plaintiff's employment. We agree that the plain language of the release did not indicate any intent of the parties to obligate defendants to refrain from making any negative remarks regarding plaintiff's em-

ployment. Nor may the general release language preceding the more specific language be interpreted to cover such conduct. Where a reference is made to a specific claim or claims, words of general release are limited to those specific claims. *Whitehead v. Fleet Towing Co.* (1982), 110 Ill. App. 3d 759, 763.

■ While a motion to dismiss admits all facts well-pleaded, the trial court is not required to draw unreasonable and unwarranted inferences from the facts alleged in order to sustain the sufficiency of the complaint. (*Carlson v. Moline Board of Education School District No. 40* (1984), 124 Ill. App. 3d 967, 970.) We hold that the allegations of the complaint are insufficient to state a cause of action for breach of contract.

Accordingly, the judgment of the circuit court of Kane County is affirmed.

Affirmed.

NASH, P.J., and HOPF, J., concur.