BEAR STEARNS & CO., INC., a
Delaware corporation, Plaintiff
and Counterdefendant,

v.

Donald G. ZEIER, Defendant and
Counterplaintiff.

No. 88 C 0076.

United States District Court,
N.D. Illinois, E.D.

Aug. 1, 1988.

Nicholas P. Iavarone, Michael S. Carey, Bellows & Bellows, Chicago, Ill., for plaintiff and counterdefendant.

James L. Fox, Donald P. Colleton, David G. Duggan, Abramson & Fox, Chicago, Ill., for defendant and counterplaintiff.

## MEMORANDUM ORDER

ASPEN, District Judge:

Currently before the Court is plaintiff-counterdefendant Bear Stearns & Co., Inc.'s ("Bear Stearns") motion to dismiss Counts V and VI of defendant-counterplaintiff Donald G. Zeier's amended counterclaim. Zeier voluntarily agrees to dismiss Count VI. This leaves Count V which

alleges a private right of action against Bear Stearns under § 17(a) of the Securities Act of 1933. For the reasons stated below, we grant Bear Stearns' motion to dismiss.

The last time this Court addressed this issue, we assumed, based on Seventh Circuit precedent, that there was a private cause of action under § 17(a). *Sennett v. Oppenheimer & Co.*, 502 F.Supp. 939, 942 (N.D.Ill.1980) (Aspen, J.) (citing *Lincoln National Bank v. Herber*, 604 F.2d 1038, 1040 n. 2 (7th Cir.1979); *Daniel v. International Brotherhood of Teamsters*, 561 F.2d 1223, 1245–46 (7th Cir.1977), *rev'd on other grounds*, 439 U.S. 551, 99 S.Ct. 790, 58 L.Ed.2d 808 (1979)). However, since that time the Seventh Circuit has indicated that the reversal of *Daniel* "removed the authority of the discussion" of § 17(a) and therefore left the issue an "open issue" in this Circuit. *Teamsters Local 282 Pension Trust Fund v. Angelos*, 762 F.2d 522, 531 (7th Cir.1985).[1] Accordingly, a number of other judges in the Northern District have considered this issue and concluded that a private right of action does not exist under § 17(a) of the 1933 Act. *See, e.g., Bastian v. Petren Resources*, 681 F.Supp. 530 (N.D. Ill.1988) (Duff, J.); *Capalbo v. Paine Webber, Inc.*, 672 F.Supp. 1048, 1052 (N.D.Ill. 1987) (Norgle, J.); *Frymire v. Peat, Marwick, Mitchell & Co.*, 657 F.Supp. 889 (N.D.Ill.1987) (Moran, J.); *Steele v. The Options Clearing Corporation*, 1987 U.S. Dist.Lexis 8040 at 11 (N.D.Ill. Aug. 31, 1987) (Marshall, J.) [available on WESTLAW, 1987 WL 14773]; *Samuels v. Wilder*, No. 85–5711, slip op. at 4–5 (N.D.Ill. Oct. 8, 1987) (Zagel, J.) [available on WESTLAW, 1987 WL 18332]; *Preston v. Kruezer*, 641 F.Supp. 1163, 1167 (N.D.Ill.1986) (Roszkowski, J.); *Rice v. Windsor Industries*, No. 85–4196, slip op. (N.D.Ill. Feb. 26, 1986) (Plunkett, J.) [available on WESTLAW, 1986 WL 2728]; *Beck v. Cantor, Fitzgerald & Co., Inc.*, 621 F.Supp. 1547, 1559 (N.D.Ill.1985) (Rovner, J.). *But see,*

---

1. The Seventh Circuit declined to address the issue because in the case before it, the § 17(a) claim was identical to the Rule 10b–5 claim. In our case, the § 17(a) claim seeks to establish liability in excess of the 10b–5 claim.

*Elliott Graphics, Inc. v. Stein,* 660 F.Supp. 378, 381 (N.D.Ill.1987) (Bua, J.); *Gadiel v. Kennicott Ridge,* No. 85–10389, slip op. (N.D.Ill. Nov. 12, 1986) (Grady, J.) [available on WESTLAW, 1986 WL 12815].

As enough trees have already died to discuss this issue, we will refrain from giving our own redundant examination of the arguments in concluding that a private cause of action is not available under § 17(a) of the 1933 Act. We are persuaded by the Fifth Circuit's careful analysis of the issue in *Landry v. All American Assurance,* 688 F.2d 381, 384–91 (5th Cir. 1982). We also observe that the two circuit court opinions that Judges Bua and Grady relied upon in concluding differently are no longer the firm precedents they were at one time. One has been overruled. *In re Washington Public Power Supply System,* 823 F.2d 1349 (9th Cir.1987) (overruling *Stephenson v. Calpine Conifers II, Ltd.,* 652 F.2d 808, 815 (9th Cir.1981)). The other has been criticized by its own circuit with a suggestion that it may be open to re-examination because of its lack of analysis on this issue. *Yoder v. Orthomolecular Nutrition Institute, Inc.,* 751 F.2d 555, 559 n. 3 (2d Cir.1985) (criticizing *Kirshner v. United States,* 603 F.2d 234 (2d Cir. 1978), *cert. denied,* 442 U.S. 909, 99 S.Ct. 2821, 61 L.Ed.2d 274 (1979)).

In conclusion, we grant Bear Stearns' motion to dismiss Counts V and VI of the amended counterclaim.[2] It is so ordered.

---

2. Bear Stearns' request for sanctions under Fed. R.Civ.P. 11 against Zeier for filing Count VI is denied without prejudice at this time. After resolution of the merits, we will consider a renewed motion for sanctions with appropriate citation authority.