Leonard A. WISLOW, Gaye L. Wislow and Beco, Inc., Plaintiffs,

v.

Arthur WONG, Bernard R. Kornhaber, W–K Investment Co., Wayne J. Siem and Siem Limited Partnership, Defendants.

No. 88 C 7684.

United States District Court, N.D. Illinois, E.D.

Jan. 20, 1989.

Eugene E. Gozdecki, Paul L. Zido, Richard A. Del Giudice, Gozdecki & Zido, Chicago, Ill., for plaintiffs.

Gail A. Niemann, Jenner & Block, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiffs Leonard and Gaye Wislow and Beco, Inc. bring this multi-count action charging defendants Arthur Wong, Bernard Kornhaber, W–K Investment Co., Wayne Siem and Siem Limited Partnership with violating federal and state securities laws and breaching various common law duties. Defendants move to dismiss all but two of the counts. For the following reasons, the motion to dismiss is granted in part and denied in part.

### Factual Background [1]

In March of 1987, the defendants organized Lakeside II, an Illinois partnership, for the purpose of purchasing, rehabilitating and re-selling old apartment buildings

---

1. Plaintiffs allege the following facts which, along with all reasonable inferences therefrom, we take as true for purposes of this motion to dismiss. *Meriwether v. Faulkner,* 821 F.2d 408, 410 (7th Cir.), *cert. denied,* —— U.S. ——, 108 S.Ct. 311, 98 L.Ed.2d 269 (1987).

in the Chicago area. The partnership agreement named W–K Investment and Siem Limited as general partners and Arthur Wong as the initial limited partner. Beginning in June of that year, defendants solicited plaintiffs to join the Lakeside II partnership. During negotiations, the defendants made a series of misstatements of fact to the plaintiffs, including but not limited to the order of cash distribution to general and limited partners, the expected rate of return on plaintiffs' investment and the status of Lakeside's ongoing activities. Defendants also failed to disclose certain facts and specified documents. On September 9, the plaintiffs, in reliance upon the misrepresentations and omissions, purchased limited partnership interests for $100,000. The plaintiffs have yet to receive any return on their investment. In this action, plaintiffs set forth six federal and state law claims founded on fraud,[2] two claims charging a failure to register securities in violation of federal and state law,[3] and one claim each of breach of contract and fiduciary duty. Defendants move to dismiss all but the two registration claims.

Failure to Plead Fraud with Particularity

Defendants move to dismiss the six fraud claims for failure to satisfy the dictates of Fed.R.Civ.P. 9(b). As we have stated frequently, Rule 9(b) places the following burden upon a plaintiff claiming fraud:

> [A] complaint which alleges ... fraud must state with particularity specific fraudulent acts comprising fraud. In describing the circumstances constituting fraud, the plaintiff must describe the "time, place and particular contents of the false representations, as well as the identity of the party making the misrep-

resentation, and what was obtained or given up thereby." (Citations omitted). *D & G Enterprises v. Continental Illinois National Bank*, 574 F.Supp. 263, 267 (N.D.Ill.1983).

*See also Harris Trust & Savings Bank v. Ellis*, 609 F.Supp. 1118, 1123 (N.D.Ill.1985), *aff'd*, 810 F.2d 700 (7th Cir.1987). Plaintiffs are not required to allege facts that are in the exclusive possession of the defendants. *Donato v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 663 F.Supp. 669, 673 (N.D.Ill.1987). In a case with multiple defendants, "plaintiff need only allege a 'brief sketch of how the fraudulent scheme operated, when and where it occurred, and the participants,'" *Carter v. Signode Industries, Inc.*, 694 F.Supp. 493, 500 (N.D.Ill.1988), *quoting Tomera v. Galt*, 511 F.2d 504, 509 (7th Cir.1975). A plaintiff must additionally specify each individual defendant's misconduct. *Harris Trust*, 609 F.Supp. at 1123.[4] This requirement serves the twin goals of giving the defendants adequate notice to allow preparation of a defense and assuring that the plaintiff has a colorable basis for naming each defendant.

Plaintiffs have satisfied these standards only in part. The complaint adequately sets forth the time frame within which the misrepresentations and omissions occurred and, in most cases, the nature of the fraudulent acts. However, plaintiffs do not identify where the acts occurred and fail to attribute the acts to specific defendants. Rather, plaintiffs allege generally that "the defendants, and each of them, aided and abetted by the others, induced plaintiffs ... by their fraudulent acts," followed by a list of those acts. Rule 9(b) as we have interpreted it

---

2. Count I: Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and SEC Rule 10b–5, 17 C.F.R. § 240.10(b)–(5). Count II: Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a). Count III: Section 12(2) of the Securities Act of 1933, 15 U.S.C. § 77*l*(2). Count VI: Section 12 of the Illinois Securities Law of 1953, Ill.Rev.Stat. ch. 121½, ¶ 137.12. Count VII: Section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act, Ill.Rev.Stat. ch. 121½, ¶ 261 *et seq.* Count VIII: Common law fraud.

3. Count IV: Section 12(1) of the Securities Act of 1933, 15 U.S.C. § 77*l*(1). Count V: Section 5 of the Illinois Securities Law of 1953, Ill.Rev. Stat. ch. 121½, ¶ 137.5.

4. This requirement is less stringent in securities fraud cases against multiple corporate insiders. *Carter v. Signode*, 694 F.Supp. at 500; *Banowitz v. State Exchange Bank*, 600 F.Supp. 1466, 1469 (N.D.Ill.1985).

requires the plaintiff at a minimum to notify each defendant of the fraudulent acts for which it is charged. Plaintiffs seek to avoid this requirement by stating that "each defendant either controls or is the agent or partner of the other. As such, each defendant is responsible for the conduct and representations of the other." That each defendant may be liable for the actions of the others does not obviate the need to identify the perpetrator of each alleged fraudulent act. As we stated above, one reason for requiring the plaintiff to attribute the misconduct to specific defendants is to provide adequate notice. The defendants as a group must be informed of the precise actions or inactions that constitute the misrepresentation or omission. The most that we can glean from the complaint is that someone somewhere misrepresented or omitted material facts. Accordingly, we dismiss Counts I through III and VI through VII; but, to the extent any of these claims survive defendants' motion to dismiss under Fed.R. Civ.P. 12(b)(6), we give plaintiffs leave to amend their complaint within ten days to comply with Rule 9(b) as interpreted above, if they so choose.

### Failure to State a Claim

Defendants also move under Fed.R.Civ. P. 12(b)(6) to dismiss six of the counts for failure to state an essential element of the claim.

### A. Count II: Section 17(a) of the Securities Act of 1933

■ In Count II, plaintiffs seek relief for violations of section 17(a) of the 1933 Securities Act. In *Bear Stearns & Co., Inc. v. Zeier*, 691 F.Supp. 145 (N.D.Ill.1988), we held without qualification that a private cause of action is unavailable under § 17(a).[5] Plaintiffs have presented no basis for questioning that decision. Accordingly, we dismiss Count II.

### B. Count III: Section 12(2) of the Securities Act of 1933

■ Defendants contend that plaintiffs have not satisfactorily pled privity between the plaintiff-purchaser and defendant-seller of the security, an essential element of a § 12(2) claim. *Sanders v. John Nuveen & Co.*, 619 F.2d 1222, 1226 (7th Cir.1980), *cert. denied*, 450 U.S. 1005, 101 S.Ct. 1719, 68 L.Ed.2d 210 (1981). We disagree and accordingly deny the motion to dismiss Count III on these grounds. The clear inference from the allegations in the complaint is that Lakeside II sold limited partnership interests to the plaintiffs and at least two of the named defendants are general partners in Lakeside II. The partnership agreement that created Lakeside is attached to the complaint and identifies defendants W–K Investment Co. and Siem Limited Partnership as general partners. As general partners of the seller of the limited partnership interests, they are in privity with the plaintiffs for purposes of the sale.

### C. Count VI: Section 13 of the Illinois Blue Sky Act of 1953

■ Section 13 provides a purchaser of a security with the authority to void the sale in the event the seller used untrue statements or omitted material facts in connection with the sale. Before the purchaser may bring a Section 13 claim to void the sale, "[n]otice ... shall be given by the purchaser within 6 months after the purchaser shall have knowledge that the sale of the securities to him or her is voidable, to each person from whom recovery will be sought." Ill.Rev.Stat. ch. 121½,

5. Plaintiffs contend that *Bear Stearns* applied only to situations in which the plaintiff seeks relief under § 17(a) beyond that available in a claim arising under SEC Rule 10b–5. They rely on the footnote in that decision which noted that the Seventh Circuit declined to address the issue in another case because there the plaintiff's § 17(a) claim was identical to that of its Rule 10b–5 claim. In effect, plaintiff's § 17(a) claim was redundant, and accordingly "[t]he suit should proceed as if only a Rule 10b–5 claim had been raised." *Teamsters Local 282 Pension Trust Fund v. Angelos*, 762 F.2d 522, 531 (7th Cir.1985). We mentioned the Seventh Circuit's reasoning merely to justify our deciding the issue in *Bear Stearns* because, unlike in *Angelos*, the plaintiff sought relief under § 17(a) beyond that sought in the Rule 10b–5 claim. If anything, plaintiff's reliance on that footnote indicates that its § 17(a) claim is redundant.

¶ 137.13(B). The plaintiff must plead compliance with this provision, *Burkhart v. Allson Realty Trust*, 363 F.Supp. 1286 (N.D.Ill.1973), by generally alleging compliance, if not the actual dates of discovery of voidability and notice to the seller. *Darling & Co. v. Klouman*, 87 F.R.D. 756, 758 (N.D.Ill.1980). Plaintiffs have not alleged compliance, but represent that they can if given leave to amend. We give them leave to do so within ten days, if they so choose. We accordingly dismiss Count VI without prejudice.

**D. Count VII: Section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act**

■ Defendants move to dismiss Count VII on the basis of *Vanek v. Cosmano*, No. 85 C 0334 (N.D.Ill. Jan. 24, 1986), an unpublished opinion, in which Judge Paul E. Plunkett held that the Consumer Fraud and Deceptive Business Practices Act ("Act"), Ill.Rev.Stat. ch. 121½, ¶ 261 *et seq.*, does not apply to federally and state-regulated securities transactions. *See also Coron, Inc. v. American Heritage Savings & Loan Asso.*, No. 85 C 6380, 1986 WL 2072 (N.D.Ill. Feb. 3, 1986) (Plunkett, J.) (reaffirming *Vanek* without discussion). We join the majority of judges in this district who have held, to the contrary, that the Act does apply to conduct additionally regulated by federal and state securities laws. *Horizon Federal Savings Bank v. Selden Fox & Assoc.*, No. 85 C 9506, 1988 WL 70473, 1988 U.S.Dist.Lexis 6598 (N.D.Ill. June 30, 1988) (Leinenweber, J.); *Preston v. Kruezer*, 641 F.Supp. 1163, 1168–69 (N.D.Ill.1986) (Roszkowski, J.); *Campbell v. Moseley, Hallgarten, Estabrook & Weeden, Inc.*, Fed.Sec.L.Rep. (CCH) ¶ 92,082 at 91,415–17, 1985 WL 1799 (N.D.Ill.1985) (Holderman, J.); *Onesti v. Thomson McKinnon Securities, Inc.*, 619 F.Supp. 1262, 1267 (N.D.Ill.1985) (Bua, J.).

Section 10b of the Act provides "Nothing in this Act shall apply to (1) Actions or transactions specifically authorized by laws administered by any regulatory body or officer acting under statutory authority of this State or the United States ..." ch. 121½, ¶ 270b(1). The Illinois courts have not read this provision, as did the court in *Vanek*, to preclude application of the Act to any conduct regulated by other laws. Rather, they have viewed compliance with those other laws as a defense to an action under the Act. For example, in *Lanier v. Associates Finance, Inc.*, 114 Ill.2d 1, 101 Ill.Dec. 852, 859, 499 N.E.2d 440, 447 (1986), the Illinois Supreme Court held that the compliance with the disclosure requirements of the Truth in Lending Act is a defense to liability under the Act. *Accord, Preston*, 641 F.Supp. at 1168–69 ("The Act expressly provides for situations where it might collide with other state or federal statutory schemes by making conformity with such schemes an affirmative defense to Consumer Fraud Act suits."). In sum, § 10b "seems to indicate that the legislature foresaw [the Act's] use in securities cases." *Horizon Federal Savings Bank*, 1988 U.S.Dist.Lexis 6598, 19.[6] Accordingly, in recognition of the broad remedial nature of the Act, *see generally, American Buyers Club, Inc. v. Honecker*, 46 Ill.App. 3d 252, 5 Ill.Dec. 666, 670, 361 N.E.2d 1370, 1374 (5th Dist.1977), we hold that securities transactions are subject to the Consumer Fraud Act, and compliance with federal and state regulations is a defense to liability, rather than a bar to any claim, under the Act.

**E. Count IX**

■ In Count IX, plaintiffs allege that by their misrepresentations and omissions, defendants breached the limited partnership agreement. To state a claim for breach of contract, a plaintiff must allege the formation of a contract, its terms, performance by the plaintiff, that defendants breached and damages. *Cleland v. Stadt*, 670 F.Supp. 814 (N.D.Ill.1987). A general

---

**6.** In further support of our decision, we note that an Illinois Appellate Court has stated that "intangible" merchandise within the meaning of the Act includes "certificates of stocks, bonds, promissory notes and franchises," financial instruments regulated by securities laws. *People ex rel. Scott v. Cardet International, Inc.*, 24 Ill.App.3d 740, 321 N.E.2d 386, 390 (1st Dist. 1974).

allegation that the defendant breached is insufficient. Plaintiff must set forth the actions or inactions that constitute the breach. *Latex Glove Co., Inc. v. Gruen,* 146 Ill.App.3d 868, 100 Ill.Dec. 488, 491, 497 N.E.2d 466, 469 (1st Dist.1986); *Costa v. Stephens–Adamson, Inc.,* 142 Ill.App.3d 798, 491 N.E.2d 490, 492 (2d Dist.1986). Plaintiffs have alleged the formation of a contract, its terms, their performance, the misconduct that amounts to a breach and damages. Defendants nevertheless challenge this claim on the grounds that plaintiffs have not identified precisely which contractual terms were breached. Plaintiffs need not do so. As long as the terms of the contract are set forth in their entirety and defendants are informed of the alleged misconduct, plaintiffs have stated a claim. The appropriate place for defendants to raise this challenge to the claim is in their answer and, if the merits of their denial are apparent on the face of the complaint, in a motion for judgment on the pleadings.

### F. Count X

 Finally, plaintiffs charge in Count X that the misrepresentations and failures to disclose made prior to formation of the partnership relationship constitute a breach of fiduciary duty. At a minimum, plaintiffs must plead a fiduciary relationship. The only alleged fiduciary relationship between the plaintiffs and defendants arises from their partnership agreement. *Bandringa v. Bandringa,* 20 Ill.2d 167, 170 N.E. 2d 116 (1960); *Nelson v. Warnke,* 122 Ill. App.3d 381, 77 Ill.Dec. 900, 461 N.E.2d 523 (1st Dist.1984). However, that relationship came into being after defendants' alleged misconduct. While the formation of a partnership relationship may pre-date the execution of a partnership agreement, *Hofner v. Glenn Ingram & Co.,* 140 Ill.App.3d 874, 489 N.E.2d 311 (1st Dist.1985), plaintiffs have alleged no facts to support such an inference. Accordingly, plaintiffs have failed to state a claim of breach of fiduciary duty.

### Conclusion

Count II is dismissed with prejudice for failure to state a claim. Counts VI and X are dismissed without prejudice for failure to state a claim. Counts I, III, VI, VII and VIII are dismissed without prejudice for failure to plead fraud with particularity. The motion to dismiss Count IX is denied. Plaintiffs, if they so choose, are given leave to file within ten days an amended complaint to cure the deficiencies in Counts I, III, VI, VII, VIII and X. Defendants are to answer to Count IV and V or if appropriate to an amended complaint, ten days thereafter. Status hearing is reset for March 3, 1989, at 10:00 a.m. It is so ordered.